# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE MARIA PACHECO-TAFOLLA,<br><br>    Defendant. | No. CR06-4081-DEO<br><br>**ORDER** |

On May 12, 2008, the defendant mailed to the Clerk of Court a *pro se* request for copies of certain unspecified transcripts from his case. Judgment was entered against the defendant on April 9, 2007. He failed to file a direct appeal, with the result that the judgment became final on April 23, 2007. *See, e.g.*, *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (same); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (same). Ordinarily, any motion to vacate the judgment or for other relief pursuant to 28 U.S.C. § 2255 had to be filed within one year from the date the judgment became final – in this case, by April 23, 2008. Therefore, even liberally construing the defendant's *pro se* request for transcripts as a request for relief under section 2255, the application comes too late.

The defendant has failed to make any showing that he is entitled to copies of transcripts at court expense when it appears the statute of limitations has run as to any motion for relief under 28 U.S.C. § 2255. The motion is **denied**. However, the defendant may reassert the motion if he is able to show one of the exceptions set forth in 28 U.S.C.

§ 2255(f)(2), (3), or (4) applies that would allow him to file a motion under section 2255 outside the one-year statute of limitations period.

**IT IS SO ORDERED.**

**DATED** this 19th day of May, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT